**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

JAMIE HARPER, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

LEMONAID HEALTH, INC.,

*Defendant*.
______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Jamie Harper ("Plaintiff"), brings this action against Defendant, Lemonaid Health, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a corporation that operates an online telehealth platform offering virtual doctor visits and prescription medications, including weight-loss, mental health, men's and

women's health, and primary care treatments, to consumers, throughout the United States including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this district, Defendant is

deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Eastern District of Texas and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such texts have occurred within this district, subjecting Defendant to jurisdiction in the Eastern District of Texas.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

13. Recognizing the particular harm that unsolicited telemarketing poses, the Texas Legislature enacted Chapter 302 of the Texas Business and Commerce Code, which requires

"sellers" making "telephone solicitations"—telephone calls initiated to induce a person to "purchase, rent, claim, or receive an item"—to register with the Texas Secretary of State. Tex. Bus. & Com. Code §§ 302.001, 302.101.

14. Specifically, Section 302.101 provides that a "seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

15. "'Telephone solicitation' means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7)

16. A "seller" is defined as "a person who makes a telephone solicitation on the person's own behalf." Tex. Bus. & Com. Code § 302.001(5).

17. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302.

**TEXAS BUSINESS AND COMMERCE CODE § 305.053**

18. A person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

19. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1)-(2).

## PARTIES

20. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Orange County, Texas.

21. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2587 (the "2587 Number") that received Defendant's text message solicitations.

22. Defendant is a corporation whose principal address is located at 870 Market Street, Suite 415, San Francisco, CA 94102.

23. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

24. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

25. Defendant is a corporation that operates an online telehealth platform offering virtual doctor visits and prescription medications, including weight-loss, mental health, men's and women's health, and primary care treatments, to consumers, throughout the United States including the State of Texas.

26. Beginning at least in May 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 2587 Number, from Defendant's short code 326047.

27. Plaintiff received text messages on the following dates, including but not limited to those sent on May 20, 2026, May 25, 2026, May 26, 2026, May 28, 2026, June 4, 2026, June 5, 2026, June 23, 2026, June 26, 2026, June 30, 2026, July 1, 2026, July 3, 2026, July 25, 2026, July 28, 2026, August 1, 2026, August 18, 2026, August 20, 2026, and September 1, 2026, as shown below:


4:26
326047
Text Message • SMS
Wed, May 20 at 1:01 PM
Lemonaid: Hi from our new number! If you need help or have questions, email us at help@lemonaid-health.com. Msg frequency varies. Reply STOP to Stop
Mon, May 25 at 2:01 PM
Lemonaid: Memorial Day Special! This week only, use code MEMDAYWL and
Text Message...


4:26
326047
Mon, May 25 at 2:01 PM
Lemonaid: Memorial Day Special! This week only, use code MEMDAYWL and get your first month of weight loss membership free. Start today lemonaid.attn.tv/a19O7iXsARQ2 Reply STOP to Stop
Tue, May 26 at 2:01 PM
Lemonaid: Limited time Memorial Day offer! This week only, use code
Text Message...


4:27
326047
Lemonaid: Limited time Memorial Day offer! This week only, use code MEMDAYED and enjoy 15% off your first ED purchase. Get started lemonaid.attn.tv/a6_-45Dzq3uf Reply STOP to Stop
Thu, May 28 at 1:01 PM
Lemonaid: Last chance to save! Your first month of weight loss membership is free for 48 more hours. Use code
Text Message...


4:27
326047
Lemonaid: Last chance to save! Your first month of weight loss membership is free for 48 more hours. Use code MEMDAYWL to get started lemonaid.attn.tv/aSf98NCelPBe Reply STOP to Stop
Thu, Jun 4 at 11:01 AM
Lemonaid: Weight loss shouldn't be one-size-fits-all, and the right
Text Message...


4:27
326047
Thu, Jun 4 at 11:01 AM
Lemonaid: Weight loss shouldn't be one-size-fits-all, and the right support can look different for everyone. We can help you find the right GLP-1 treatment for your body and goals. lemonaid.attn.tv/aZLea1AJ1xOM Reply STOP to Stop
Fri, Jun 5 at 12:08 PM
Lemonaid: Enjoy summer to the
Text Message...


4:27
326047
Lemonaid: Is the World Cup taking over your sleep? Explore our online insomnia treatments and win back your nights. Get 50% off your first month:
Reply STOP to Stop
Lemonaid: When cravings get loud, weight loss can


4:27
326047
Lemonaid: When cravings get loud, weight loss can feel harder than it needs to. Our licensed providers can help you find the right GLP-1 treatment for your body:
Reply STOP to Stop
Lemonaid: Thinking about starting your
4:27
326047
Lemonaid: Thinking about starting your weight loss journey? Now's the time! Take advantage of our limited-time offer and get your first month of membership free ($49 value) on a 3 or 6 month plan.
Reply STOP to Stop
Lemonaid: Cue the
4:27
326047
Lemonaid: Cue the fireworks! For this week only, save $20 on your first ED order. Eligible on 3 and 6 month plans. Focus on the sparks and leave the worries behind. Get started:
Reply STOP to Stop
Lemonaid: Last chance - your first month of weight
4:28
326047
Lemonaid: New to ED treatments with us? We've got you! For a limited-time, save 30% on your first purchase:
Reply STOP to Stop
Lemonaid: Thinking long-term? Commit to your weight loss goals with a 3 or 6 month plan. For a limited-time, new
4:28
326047
Lemonaid: Thinking long-term? Commit to your weight loss goals with a 3 or 6 month plan. For a limited-time, new members get their first month of membership FREE:
Reply STOP to Stop
Lemonaid: Looking for birth control? We ship right to
4:28
326047
Lemonaid: Your goals are personal, and your care should be too. Discover our personalized GLP-1 plans and start your journey to a healthier you today.
Reply Stop to Stop.
Lemonaid: Mental overload is real. If anxiety's been adding to the







28. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

29. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's telehealth services and prescription medications.

30. The information contained in the text messages advertises Defendant's procedures and promotions, which Defendant sends to promote its business.

31. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

32. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

33. Plaintiff has no existing business relationship with Defendant.

34. At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted.

35. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

36. Plaintiff is the subscriber and sole user of the 2587 Number and is financially responsible for it.

37. Plaintiff's 2587 Number is Plaintiff's residential telephone number used for personal purposes. Plaintiff's 2587 Number is Plaintiff's primary way of being contacted in Plaintiff's home.

38. Plaintiff's 2587 Number has been registered with the national do-not-call registry since April 19, 2023, and has been registered at all times relevant to this action.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. The text messages originated from short code 326047, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

41. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

42. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

**TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS**

43. On November 11, 2026, Plaintiff's counsel searched the Texas Secretary of State telephone solicitation registry at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

44. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

45. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

46. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

**CLASS ALLEGATIONS**

**PROPOSED CLASSES**

47. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

48. Plaintiff brings this case on behalf of the classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**

> **Texas Do Not Call Registry Class:** **All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of selling Defendant's products and services.**

> **Texas Telephone Solicitation Registration Class:** **All persons in the United States who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made from a location in Texas or to a purchaser located in Texas or by or on behalf of a seller whose business location was in Texas; (2) for the purpose of selling Defendant's products and services; and (3) at a time when Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

49. Defendant and its employees or agents are excluded from the classes. Plaintiff does not know the number of members in each class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

50. Upon information and belief, Defendant has sent violative text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

51. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text messages records.

**COMMON QUESTIONS OF LAW AND FACT**

52. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant violated the TBCC;

c) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.101;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

f) Whether Defendant is liable for damages, and the amount of such damages; and

g) Whether Defendant should be enjoined from such conduct in the future.

53. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

54. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes

is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

58. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

61. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

66. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

67. The TBCC provides: "A person who receives a communication that violates 47 U.S.C Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

68. As set forth above, Defendant violated 47 C.F.R § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

69. Moreover, 47 C.F.R § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

70. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**COUNT III**
**Violation of the TBCC § 302.101**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

71. Plaintiff repeats and re-alleges paragraphs 1 through 57 of this Complaint and incorporates them by reference herein.

72. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

73. "Telephone solicitation" means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

74. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

75. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

76. No exemption under Chapter 302 applies to the telephone solicitations at issue.

77. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

78. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the TCPA and the TBCC;

c) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the Classes;

d) An award of actual and statutory damages for Plaintiff and each member of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all

records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: November 17, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*